UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
PHYLLIS GRAY, ET AL.,

                                      Plaintiffs,

          -against-

WALGREENS BOOTS ALLIANCE, INC.,
LNK INTERNATIONAL, INC.,

                                     Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-04415 (JMA) (SIL)

FILED
CLERK
2/11/2021 8:58 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is a motion by defendants Walgreens Boots Alliance, Inc. ("Walgreens") and LNK International, Inc. ("LNK") (collectively, "Defendants") to transfer venue to the Northern District of Illinois. For the following reasons, the Court **GRANTS** Defendants' motion.

## I. BACKGROUND

Plaintiffs Phyllis Gray, Erika Brown, Lisa Satchel, and Kenneth Brewer (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, filed the instant litigation on September 21, 2020 to challenge use of the phrase "fast-release quick gels" on certain acetaminophen products. (ECF No. 1.) Before pursuing this lawsuit, Plaintiffs, represented by the same counsel, filed a virtually identical lawsuit against Walgreens in the Northern District of Illinois on November 15, 2018. See Erika Brown, et al. v. Walgreens Boots Alliance, Inc., Case No. 1:18-cv-7585, (N.D. Ill.) ("Brown"). Brown proceeded for nearly two years, during which Plaintiffs amended their complaint, and the parties exchanged initial disclosures, participated in various conferences with the court, and fully briefed and argued a motion to dismiss.

1

While the motion to dismiss was pending in Brown, Plaintiffs requested discovery from Walgreens. In response, Walgreens filed a motion to stay discovery until the court issued a decision on the motion to dismiss. On July 20, 2020, the court granted Walgreens' motion. (ECF No. 93.) Four days later, Plaintiffs voluntarily dismissed Brown, as the motion to dismiss was still pending. (ECF No. 94.)

On September 21, 2020, Plaintiffs filed the instant litigation in the Eastern District of New York. Defendants now move to transfer venue to the Northern District of Illinois, pursuant to 28 U.S.C. § 1404(a). (ECF No. 7, 20-CV-04415.) After Walgreens sought permission to move to transfer venue, Plaintiffs amended their complaint to add a second defendant, LNK. (ECF No. 10.) LNK joins Walgreens in seeking to transfer venue. (ECF No. 19.)

## II. DISCUSSION

"[M]otions for transfer lie within the broad discretion of the courts and are determined upon notions of convenience and fairness on a case-by-case basis." Publicker Indus., Inc. v. United States, 980 F.2d 110, 117 (2d Cir. 1992). The movant has the burden of establishing by clear and convincing evidence that transfer is warranted. New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010). The Court may transfer any civil action to another district where it may have been brought or to a district to which all parties have consented. 28 U.S.C. § 1404(a).

"Deciding a motion to transfer involves a two-part inquiry: (1) whether the action could have initially been brought in the transferee court; and (2) whether the interests of justice and convenience of the parties and witnesses will be served by the transfer." Stoltz v. Fage Dairy Processing Indus., S.A., No. 14-CV-3826, 2015 WL 5579872, at *5 (E.D.N.Y. Sept. 22, 2015) (internal quotation marks omitted) (citing JetBlue Airways Corp. v. Helferich Patent Licensing, LLC, 960 F. Supp. 2d 383, 398 (E.D.N.Y. 2013); Forjone v. California, 425 F. App'x 73, 74 (2d

Cir. 2011)). To perform the second part of the inquiry, a district court considers various factors including, inter alia, (1) the convenience of witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum state's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances. In re Hanger Orthopedic Group, Inc. Securities Litigation, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006).

  As to the first part of the inquiry, the action could have been brought—and originally was brought—in the Northern District of Illinois. That court has jurisdiction under the Class Action Fairness Act and is an appropriate venue given that Walgreens' headquarters is located in Illinois. With respect to the second part of the inquiry, various factors weigh in favor of transfer. In particular, Walgreens and two of the named class representatives are domiciled in the Northern District of Illinois. Walgreens has explained that several of its witnesses live in or near the Northern District of Illinois and certain records relevant to the case, such as planograms, are more conveniently accessible in that district. The factor regarding trial efficiency and the interest of justice also weighs strongly in favor of transfer. The Northern District of Illinois has worked through the issues involved in this case since 2018, repeatedly held conferences with the parties, and heard oral argument on the motion to dismiss. Plaintiffs have no guarantee that their concerns with the "protracted delays" they experienced in the Northern District of Illinois might not occur here as well, given the calendar congestion in this District and before this Court. These factors outweigh the remaining factors, which the Court finds are neutral. Accordingly, Defendants have

met their burden of demonstrating that a transfer to the United States District Court for the Northern District of Illinois would be in the interest of justice and convenience.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to transfer venue to the Northern District of Illinois is **GRANTED**.

**SO ORDERED.**

Dated: February 11, 2021
      Central Islip, New York

                                                /s/ (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE